**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ANTHONY J. BALISTRERI | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:06cv129 |
| v. | § | |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
GRANTING PLAINTIFF'S MOTION FOR VOLUNTARY
DISMISSAL WITHOUT PREJUDICE**

On this day came on for consideration Plaintiff's Revised Notice for Voluntary Dismissal

without Prejudice (Dkt. 57), Defendant's Response in Opposition to Plaintiff's Notice of Dismissal

and Alternative Motion for Conditional Dismissal (Dkt. 59), and Plaintiff's Motion for Non-Suit

without Prejudice and Second Motion for Voluntary Dismissal without Prejudice and or Motion to

Stay This Texas Lawsuit Pending the Outcome of the Wisconsin Lawsuit (Dkt. 61). Having

considered Plaintiff's requests for dismissal and Defendant's response, the Court is of the opinion

that Plaintiff's Motion for Voluntary Dismissal without Prejudice should be GRANTED.

**Background**

In this suit, Plaintiff Anthony J. Balistreri has asserted claims of negligence and fraud against

Defendant Metropolitan Life Insurance Company in relation to the purchase of life insurance policies

from Defendant. According to Plaintiff, Defendant issued life insurance policies for him and his

wife, Elizabeth Balistreri, who is now deceased, while both were living in Wisconsin.

Plaintiff originally filed this action in state court in Collin County, Texas, his county of residence at the time he filed suit.  Defendant subsequently removed it to this Court.  Plaintiff now asks this Court to dismiss this action so that he may pursue his claims in Wisconsin.

## Voluntary Dismissal Standard

Under  Federal Rule of Civil Procedure 41(a)(2), this Court has discretion to grant or deny a plaintiff's motion for voluntary dismissal.  FED. R. CIV. P. 41(a)(2).  A motion for voluntary dismissal should be granted "unless the nonmoving party will suffer some plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  Plain legal prejudice occurs where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense.  *See, e.g., Elbaor*, 279 F.3d at 318-19 (vacating and remanding district court's dismissal because non-movant could potentially lose a statute of limitations defense); *Ikospentakis v. Thalassic S.S. Agency,* 915 F.2d 176, 178-80 (5th Cir.1990) (vacating and remanding because non-movant could lose *forum non conveniens* defense); *Phillips v. Illinois Cent. Gulf R.R.,* 874 F.2d 984 (5th Cir.1989) (defendant's loss of a statute of limitations defense constituted clear legal prejudice).  That a plaintiff may obtain some tactical advantage over the defendant in future litigation, however, is not ordinarily the sort of prejudice which would bar a voluntary dismissal. *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990); *Ikospentakis,* 915 F.2d at 178.

## Analysis

Plaintiff argues that this case should be dismissed because none of the alleged breaches, injuries or damages forming the basis of his suit occurred in Texas.  Further, Plaintiff alleges, all

parties are either residents of Wisconsin or doing business in Wisconsin, not Texas.[1]  Plaintiff

purchased the life insurance policies at issue while living in Wisconsin from an insurance agent

located in Wisconsin.  In addition, the court handling the probate of Plaintiff's wife's estate is

located in Wisconsin.  Further, while Plaintiff does not have counsel in Texas, he has retained

counsel in Wisconsin to represent him in a factually identical lawsuit pending there.

 In response, Defendant argues that Plaintiff has been dilatory in his request to have the suit

dismissed and that it has expended costs in defending this action.  Defendant does not challenge

Plaintiff's contention that the events giving rise to the suit did not occur in Texas, nor does it

challenge Plaintiff's contention that the witnesses and subjects of discovery are located in Wisconsin.

Moreover,  Defendant has not identified any legal defenses that would be available to it in this Court

that would not be available to it in Wisconsin or any other court.

Indeed, Defendant has not pointed to any clear legal prejudice it will suffer from having the

case dismissed without prejudice.  Discovery appears to be in its initial phases.  No depositions have

been taken, and Defendant has not filed any dispositive motions.  In fact, other than preliminary

discovery matters, most of the substantive activity in the case to-date has been related to Plaintiff's

desire to pursue his claims in another venue.

Because Defendant has failed to identify any – and the Court does not find any – clear legal

prejudice which would be caused by this dismissal, the Court finds that Plaintiff's claims should be

dismissed without prejudice.

---

[1]Although Plaintiff was a resident of Collin County, Texas when he filed suit, he has
represented to the Court that he is returning to Wisconsin to live.

**Costs**

It is further ordered that Plaintiff should bear Defendant's costs herein.  *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) (noting that courts regularly impose payment of costs and fees on plaintiffs requesting voluntary dismissal).

**Recommendation**

Based on the foregoing, the Court recommends that Plaintiff's Motion for Non-Suit without Prejudice and Second Motion for Voluntary Dismissal without Prejudice be GRANTED.  It is further ordered that Plaintiff pay all its costs and all costs incurred by Defendant herein.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of May, 2007.**

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE